(PS) Tillis v. Dataline Credit Corp.                                                                         Doc. 4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMIKA LASHONDA TILLIS,            No.  CIV.S-06-0378 LKK DAD PS

      Plaintiff,

  v.                                ORDER TO SHOW CAUSE

DATALINE CREDIT CORP.,
a California corporation,

      Defendant.
_____/

      Plaintiff, proceeding pro se, initiated this action by filing her complaint in the Small Claims Division of the Sacramento County Superior Court. Defendant filed a notice of removal in this court on February 23, 2006.

      Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state court to federal district court if the district court has subject matter jurisdiction over the case. The district court has subject matter jurisdiction over a case if there is diversity of citizenship between the parties or if the action is founded on a claim arising under the Constitution, laws, or

1

treaties of the United States.  28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

Removal statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986)).

Here, in seeking the removal of the small claims action against it, defendant asserts federal question jurisdiction by virtue of plaintiff's "claims that arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq." (Notice of Removal at 2.) However, plaintiff's claim in state court, a copy of which is attached to the notice of removal, does not so clearly allege a violation of federal law. Rather, the claim alleges that defendant owes plaintiff money due to: "1. Defamation of Credit Character  2. Fraud  3. California Fair Credit Reporting Act" (emphasis added). Liberally construed, therefore, plaintiff's claim alleges a violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code, § 1785.1 et seq. To be sure, while there is no "California Fair Credit Reporting Act," plaintiff chose to initiate this action in California state court and explicitly makes reference to California in her

2

1  attempted credit reporting claim.  Thus, there is no indication that
2  federal question jurisdiction exists.
3        Nor is there any indication that diversity jurisdiction
4  exists, plaintiff and defendant both being citizens of California and
5  plaintiff seeking damages of $5,000.
6        Accordingly, IT IS HEREBY ORDERED that defendant shall show
7  cause in writing within ten (10) days why this matter should not be
8  remanded to state court.  Failure to timely file the required writing
9  will result in a recommendation that this state small claims matter
10 be summarily remanded to the Small Claims Division of the Sacramento
11 County Superior Court.
12 DATED: February 28, 2006.

```
                              Dale A. Drozd
                              _____
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE
```

DAD:th
DDad1\orders.prose\tillis.osc.remand