IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMIKA LASHONDA TILLIS,                No.  CIV.S-06-0378 LKK DAD PS

       Plaintiff,

  v.                                   FINDINGS AND RECOMMENDATIONS

DATALINE CREDIT CORP.,
a California corporation,

       Defendant.
_____/

       By order filed March 1, 2006, defendant was directed to show cause in writing days why this matter should not be remanded to state court.  The allotted time has expired and defendant has not responded to the order to show cause.  Defendant was forewarned that the failure to timely file the required writing would result in a recommendation of remand.  Therefore, the undersigned will now recommend that this state small claims matter be summarily remanded to the Small Claims Division of the Sacramento County Superior Court.

       Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state court to federal district court

1

1  if the district court has subject matter jurisdiction over the case.
2  The district court has subject matter jurisdiction over a case if
3  there is diversity of citizenship between the parties or if the
4  action is founded on a claim arising under the Constitution, laws, or
5  treaties of the United States.  28 U.S.C. § 1441(b); see also 28
6  U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332
7  (diversity jurisdiction).

8      Removal statutes are strictly construed against removal.
9  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.
10 1979).  "Federal jurisdiction must be rejected if there is any doubt
11 as to the right of removal in the first instance."  Gaus v. Miles,
12 980 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing
13 federal jurisdiction falls on the party invoking removal."  Harris v.
14 Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.
15 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769,
16 771 (9th Cir. 1986)).

17     As observed in more detail in the order to show cause,
18 plaintiff's small claims complaint alleges that defendant owes
19 plaintiff money due to: "1.  Defamation of Credit Character   2.
20 Fraud   3.  California Fair Credit Reporting Act."  Liberally
21 construed, therefore, this matter concerns an alleged violation of
22 the California Consumer Credit Reporting Agencies Act, Cal. Civ.
23 Code, § 1785.1 et seq., not the federal Fair Credit Reporting Act, 15
24 U.S.C. § 1681, et seq., as defendant asserts in its notice of
25 removal.  Therefore, federal question jurisdiction does not exist.
26 /////

2

1  Nor does diversity jurisdiction exist, plaintiff and
2  defendant both being citizens of California and plaintiff seeking
3  damages of $5,000.

4  Accordingly, IT IS HEREBY RECOMMENDED that this state small
5  claims matter be summarily remanded to the Small Claims Division of
6  the Sacramento County Superior Court.

7  These findings and recommendations are submitted to the
8  United States District Judge assigned to the case, pursuant to the
9  provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after
10 being served with these findings and recommendations, any party may
11 file written objections with the court and serve a copy on all
12 parties.  Such a document should be captioned "Objections to
13 Magistrate Judge's Findings and Recommendations."  The parties are
14 advised that failure to file objections within the specified time may
15 waive the right to appeal the District Court's order.  See Martinez
16 v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 DATED: March 31, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

22 DAD:th
DDad1\orders.prose\tillis0378.f&r

3